**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **GENTRY STEPHEN LEONARD, #647348,**       ) | |
| Plaintiff,                                 ) | |
|                                            ) | |
| **v.**                                     ) | 3:06-CV-1131-P |
|                                            ) | ECF |
| **NATHANIEL QUARTERMAN,**                  ) | |
| Defendant.                                 ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for writ of mandamus brought by a state inmate.

Parties:  Plaintiff is presently incarcerated within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) at the Connally Unit in Kenedy, Texas. Defendant is the Director of TDCJ-CID.  The Court did not issue process in this case, pending preliminary screening.

Findings and Conclusions:  On June 30, 2006, the Court issued a notice of deficiency and order to Plaintiff.  The order notified Plaintiff that he had neither paid the filing fee nor submitted a proper request to proceed *in forma pauperis*.  The order directed Plaintiff to cure the deficiency within thirty days and cautioned him that failure to comply with the order would result in a recommendation that the complaint be dismissed for failure to prosecute.  As of the

date of this recommendation, Plaintiff has failed to comply with the deficiency order.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998); McCullough v. Lynaugh, 835 F.2d 1126, 1127(5th Cir. 1988).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  Boudwin v. Graystone Ins. Co., Ltd., 756 F.2d 399, 401 (5th Cir. 1985) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Plaintiff has been given ample opportunity to comply with the deficiency order.  He has refused or declined to do so.  Therefore, this action should be dismissed without prejudice for want of prosecution.  See Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); Callip v. Harris County Child Welfare Department, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 28th day of August, 2006.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.